**United States District Court**
For the Northern District of California

1
2
3
4
5              UNITED STATES DISTRICT COURT
6              NORTHERN DISTRICT OF CALIFORNIA
7
8    ROBERT MARSILI,                           No. C-10-1164 EMC
9              Plaintiff,
10         v.                                   **ORDER GRANTING DEFENDANT'S
                                                 ADMINISTRATIVE MOTION TO
11   UNITED STATES OF AMERICA,                   REASSIGN CASE TO SAN JOSE
                                                 DIVISION**
12             Defendant.
                                                 **(Docket No. 4)**
13
     _____/
14
15
16         Currently pending before the Court is Defendant the United States's motion to reassign the

17   above-referenced case from the San Francisco to the San Jose Division.  Having considered the

18   parties' briefs and accompanying submissions, the Court hereby **GRANTS** the motion for

19   reassignment.

20         Civil Local Rule 3-2(c) governs the assignment of cases within the Northern District of

21   California.  It provides that "[a] civil action arises in the county in which a substantial part of the

22   events or omissions which give rise to the claim occurred or in which a substantial part of the

23   property that is the subject of the action is situated."  Civ. L.R. 3-2(c).  This language is similar to

24   that used in the federal statute governing venue.  *See* 28 U.S.C. § 1391.  Because the language used

25   in Rule 3-2(c) is similar to that used in the federal venue statute, the Court looks to case law

26   interpreting the latter for guidance.

27         With respect to § 1391's "transactional venue" provision, the Wright and Miller treatise

28   notes as follows: "In tort cases, when determining whether a substantial part of the events or

**United States District Court**
For the Northern District of California

1  omissions giving rise to the plaintiff's claim occurred or did not occur in the district for venue

2  purposes, the factors that courts focus on include the place where the allegedly tortious actions

3  occurred and the place where the harms were felt." Wright, Miller, *et al.*, 14D Fed. Prac. & Proc.

4  Juris. § 3806.1 (3d ed.). Most courts have agreed. *See, e.g.*, *Trico Bancshares & Subsidiaries v.*

5  *Rothgerber Johnson & Lyons LLP*, No. 2:09-CV-01700 GEB JFM, 2009 U.S. Dist. LEXIS 96095, at

6  *6 (E.D. Cal. Oct. 15, 2009); *Estate of Abtan v. Blackwater Lodge & Training Ctr.*, 611 F. Supp. 2d

7  1, 8 (D.D.C. 2009).

8  In the instant case, the allegedly tortious actions clearly took place in Santa Clara County.

9  Mr. Marsili has alleged that a surgery was improperly performed by government employees at the

10  Palo Alto VA Medical Facility, which is located in Santa Clara County. *See* Compl. ¶ 7.

11  Furthermore, contrary to what Mr. Marsili argues, the harms were also sustained in Santa Clara

12  County. That is, Mr. Marsili sustained harm in Santa Clara County when the "botched" surgery took

13  place there. The fact that his injuries only manifested themselves while he was convalescing in his

14  home in San Mateo County does not mean that the harm did not take place until then. This is not a

15  situation comparable to *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1076 (9th Cir. 2001)

16  (concluding that one of the harms suffered by the plaintiffs was akin to the tort of invasion of

17  privacy and was felt in Nevada where they resided).

18  Accordingly, the Court grants the United States's motion to reassign the case to the San Jose

19  Division.

20  This order disposes of Docket No. 4.

21

22  IT IS SO ORDERED.

23

24  Dated: May 21, 2010

25  _____
    EDWARD M. CHEN

26  United States Magistrate Judge

27

28